IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ENERVA W. TROTMAN,            )
    Petitioner,            )   Civil Action No. 17-235 Erie
                              )
    v.                     )   Judge Susan Paradise Baxter
                              )
WARDEN, FCI MCKEAN,           )
    Respondent.            )

**MEMORANDUM**

Pending before the Court[1] is a petition for a writ of habeas corpus filed by federal prisoner Enerva W. Trotman ("Petitioner") pursuant to 28 U.S.C. § 2241. (ECF No. 4). He is challenging a disciplinary action taken against him in which he lost good time credits. As relief, he seeks an order from this Court directing that his incident report be expunged so that he may be restored the good time credit he lost as a sanction. For the reasons set forth below, the petition be denied.

**A.     Relevant Background**

Petitioner is a federal inmate incarcerated at FCI McKean, which is located within the territorial boundaries of this Court. On July 5, 2016, at approximately 4:30 p.m., Officer Smith conducted a random search of cell 222, which housed Petitioner and another inmate. Officer Smith found nuisance contraband[2] during his search, which he threw in the trash. Petitioner returned to his cell at approximately 8:30 p.m. In his subsequent incident report, Officer Smith wrote that Petitioner

---

[1] On September 14, 2018, the undersigned was sworn in as a United States District Judge. This action was reassigned to this Court's docket on September 18, 2018. (ECF No. 15).

[2] Nuisance contraband is "any item other than hard contraband, which has never been authorized, or which may be, or which previously has been authorized for possession by an inmate, but whose possession is prohibited when it presents a threat to security or its condition or excessive quantities of it present a health, fire, or housekeeping hazard." BOP Program Statement 5580.08 at 9.

1

approached him in his office and was upset that his cell had been searched. Officer Smith reported that Petitioner said to him: "If you want to be a cop then you should go get a job on the streets. This is a prison and you are in more of a custodial position. You're like a janitor." (ECF No. 8-5 at 4). Officer Smith ordered Petitioner to leave his office, which he did. (Id.) Petitioner returned at 9:20 p.m. and said to Officer Smith: "you want a war, you'll get a war." (Id.)

On July 6, 2016, Petitioner was charged with violating the Bureau of Prison ("BOP") Code 203-Threatening. On July 12, 2016, he appeared before a Unit Discipline Committee ("UDC"), which found that he had committed the prohibited act as alleged and referred the matter to a Disciplinary Hearing Officer ("DHO") for further consideration and a hearing. (ECF No. 8-5 at 4).

Petitioner's DHO hearing was held on July 21, 2016. He denied that he threatened Officer Smith. (ECF No. 8-5 at 3). The DHO issued his decision on July 22, 2016. He credited Officer Smith's report over Petitioner's statement but determined that Petitioner's conduct did not meet the elements of Code 203-Threatening. Instead, the DHO found that Petitioner committed the prohibited act of Code 312-Insolence Towards a Staff Member. The DHO imposed the disallowance of 10 days of good conduct time as a sanction for Petitioner's misconduct. (Id.)

Petitioner pursued an administrative appeal of the DHO's decision. After he was denied relief through that appeal process, he commenced habeas proceedings in this Court by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 4). The Respondent (the Petitioner's custodian, the Warden of FCI McKean) filed an answer (ECF No. 8), to which the Petitioner filed a reply (ECF No. 9).

2

**B.     Discussion**

In relevant part, 28 U.S.C. § 2241 provides: "The writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitutional or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3) (emphasis added). This Court has jurisdiction under § 2241, which "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010) (quoting Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) and citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005)). In McGee, the Court of Appeals instructed that "the question to be asked is whether granting the petition would 'necessarily imply' a change to the fact, duration, or execution of the petitioner's sentence." 627 F.3d at 936. "A challenge, such as this one, to a disciplinary action that resulted in the loss of good-time credits, is properly brought pursuant to § 2241, as the action could affect the duration of the petitioner's sentence." Queen v. Miner, 530 F.3d 253, 254 (3d Cir. 2008) (per curiam) (citations omitted).

Petitioner claims that his due process rights were violated because "the record does not demonstrate that there was ample evidence to support a finding that I committed the prohibited act[.]" (ECF No. 9 at 2). His claim has no merit.

In Superintendent v. Hill, 472 U.S. 445 (1985), the Supreme Court held:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced.... Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.... We decline to adopt a more stringent evidentiary standard as a constitutional requirement.

3

Id. at 455-56 (internal quotation marks and citation omitted); Denny v. Schultz, 708 F.3d 140, 144 (3d Cir. 2013) ("a prison disciplinary decision need only be supported by 'some evidence' in order to satisfy due process."); Thompson v. Owens, 889 F.2d 500, 502 (3d Cir. 1989) ("The due process requirements in this context are minimal[.]").

Here, the DHO's decision was based upon the requisite amount of evidence necessary to survive review by a federal habeas court. The DHO credited Officer Smith's report over Petitioner's version of events and explained:

> The element of the offense for insolence, code 312, is contemptuously rude or impertinent in behavior or speech toward a staff member. Your actions toward Officer Smith were both rude and impertinent. The DHO found no evidence that would cause him to doubt the credibility of Officer Smith's statement. Officer Smith is under oath to tell the truth and to provide truthful statements. He does not stand to benefit in any way by making false allegations against you. You on the other hand are under no such obligation to tell the truth and you stand to benefit by avoiding disciplinary action by stating the report is not true. The DHO found you committed the prohibited act of Insolence, code 312.

(ECF No. 8-5 at 3). This Court is not to undertake an "'independent assessment' into the reliability of the evidence[.]" Thompson, 889 F.2d at 501. Accordingly, there was the requisite "some evidence" to support the DHO's decision and, therefore, Petitioner has failed to establish that his due process rights were violated.

4

**C.      Conclusion**

For the foregoing reasons, the petition for a writ of habeas corpus is denied.[3] An appropriate Order follows.

Dated: October 25, 2018

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

---

[3] 28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).